

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 18, 2017**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) <u>GRANTING RELATED RELIEF</u>

The matter having come before this Court on the *Emergency Motion for Order (i)*

*Approving Bid Procedures Relating to Sale of Substantially All of the Estate's Assets; (ii)*

*Approving Procedure for Granting Bid Protections; (iii) Scheduling Objection Deadlines,*

ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF - PAGE 1

Gardere01 - 8969588v.6

*Auction, and Hearing to Approve the Sale; (iv) Approving the Form and Manner of Notices; (v) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (vi) Granting Related Relief* [Docket No. 64] (the "**Bid Procedures Motion**")[1] filed by the Debtor[2] in the above-captioned Chapter 11 Case.

Having reviewed the Bid Procedures Motion and all matters brought to the Court's attention at the hearing thereon, and after due deliberation and consideration, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue of this proceeding and the Bid Procedures Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, the Court finds that notice was appropriate under the circumstances, and no further notice is necessary, and that cause exists to grant the relief requested in the Bid Procedures Motion to the extent set forth below. Therefore, it is hereby **ORDERED** that:

1.      The Bid Procedures Motion is approved as set forth herein.

2.      Attached hereto as **Exhibit A** are the procedures for submitting bids for the Debtor's Assets, which are hereby approved in their entirety and shall be binding on all parties as if fully set forth herein (the "**Bid Procedures**"). To the extent of any conflict between the terms of the "Stalking-Horse APA" filed at Docket No. 94 and the Bid Procedures, the Bid Procedures shall control.

3.      Each person or entity that submits a Qualified Bid shall be deemed to have read,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion or the Bid Procedures, as applicable.

[2] The debtor in this chapter 11 case (the "**Debtor**") and the last four digits of its federal tax identification number are as follows: Ascent Group, LLC (0580). The Debtor's principal place of business is located at 3607 Oak Lawn Ave., Suite 100, Dallas, Texas 75219.

ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF
- PAGE 2

understood, and agreed to the terms and conditions of the Bid Procedures, and shall comply with and be bound by such Bid Procedures.

4.        The Auction will be held on **February 8, 2017, at 10:00 a.m. (CST)** at the law offices of Gardere Wynne Sewell LLP, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

5.        The Debtor is hereby authorized and empowered to take all such actions as may be necessary to implement the terms and requirements of this Order, solicit Qualified Bids, and conduct the Auction.

6.        The hearing on the 363 Motion will be held on **February 15, 2017, at 9:30 a.m. (CST)**.

7.        Objections to the 363 Motion, including any obligations under section 365(b) of the Bankruptcy Code, must be (a) in writing; (b) comply with the Bankruptcy Rules; (c) be filed with the Clerk of this Court on or before **February 10, 2017, at 4:00 p.m. (CST)**; and (d) served on counsel to the Debtor, Regions Bank, and the Office of the United States Trustee by that same time.

8.        Not later than two (2) business days following entry of this Order, the Debtor shall and serve on the parties listed in the Bid Procedures Motion the Cure Amount Notice. Unless the non-debtor party to a Designated Contract files an objection (the "**Cure Amount Objection**") to its scheduled Cure Cost pursuant to the terms established in the Bid Procedures on or before **February 5, 2017**, such non-debtor party shall (i) be forever barred from objecting to the Cure Cost and from asserting any additional cure or other amounts with respect to such unexpired lease, license agreement, or executory contract and the Debtor shall be entitled to rely solely on the Cure Cost; and (ii) be forever barred and estopped from asserting or claiming

ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF
- PAGE 3

Gardere01 - 8969588v.6

against the Debtor, its Estate, the buyer, or any other assignee of the relevant unexpired lease, or executory contract that any additional amounts are due or defaults exist, and from asserting any other objection to the assignment and/or assumption of such unexpired lease, license agreement or executory contract.

9. The Notice of Auction attached hereto as **Exhibit B** is approved in all respects, and is appropriate and reasonably calculated to provide interested parties with timely and sufficient notice of the Bid Procedures, the Auction, the Sale, and the Sale Hearing to all interested parties pursuant to Bankruptcy Rules 2002 and 6004.

10. Notice of the Cure Costs, as set forth in the Bid Procedures Motion, is approved in all respects, and is appropriate and reasonably calculated to provide interested parties with timely and sufficient notice of the Debtor's proposed assumption and assignment of the Designated Contracts and any Cure Costs payable thereon pursuant to Bankruptcy Rules 2002 and 6006.

11. As soon as reasonably practicable after the entry of this Order, the Debtor will cause the Notice of the Auction to be sent by first-class mail, postage-prepaid, to all of its creditors and interest holders, all entities known to have expressed a *bona fide* interest in acquiring all or portions of the Assets, all taxing authorities or recording offices that have a reasonably known interest in the relief requested, the Office of the United States Trustee, all insurers, all non-debtor parties to contracts or leases (executory or other), and other known parties-in-interest in this Chapter 11 Case.

12. Service of this Order, the Notice of Auction, the Sale, the Bid Procedures, and the Cure Amount Notice in the manner set forth herein shall constitute proper, timely, adequate, and

ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF
- PAGE 4

Gardere01 - 8969588v.6

sufficient notice of the Auction, the Sale, the Sale Hearing, the Cure Notice, and the Bid Procedures as required pursuant to Bankruptcy Rules 2002, 6004, and 6006, and no other or further notice shall be required with respect thereto.

13.     Notwithstanding any Bankruptcy Rule to the contrary, this Order is a final order, effective immediately upon entry on the Court's docket.

14.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

### END OF ORDER ###

Prepared and Submitted by:

Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Matthew J. Pyeatt (TX 24086609)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**PROPOSED COUNSEL TO THE DEBTOR
AND DEBTOR-IN-POSSESSION**

**ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS; (II) APPROVING PROCEDURE FOR GRANTING BID PROTECTIONS; (III) SCHEDULING OBJECTION DEADLINES, AUCTION, AND HEARING TO APPROVE THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICES; (V) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (VI) GRANTING RELATED RELIEF**

Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Matthew J. Pyeatt (TX 24086609)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**PROPOSED COUNSEL TO THE
DEBTOR AND DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| | § | |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## DEBTOR'S BID PROCEDURES

Set forth below are the bid procedures (the "**Bid Procedures**") to be employed with respect to the proposed disposition of substantially all of the assets of Ascent Group, LLC (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned "**Chapter 11 Case**" and its chapter 11 estate (the "**Estate**").

### Bid Procedures Motion

On December 9, 2016, the Debtor filed its *Emergency Motion for Order (i) Approving Bid Procedures Relating to Sale of Substantially All of the Estate's Assets; (ii) Approving Procedure for Granting Bid Protections; (iii) Scheduling Objection Deadlines, Auction, and Hearing to Approve the Sale; (iv) Approving the Form and Manner of Notices; (v) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (vi) Granting Related Relief* [Docket No. 63] (the "**Bid Procedures Motion**") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**") seeking an order (i) approving bid procedures relating to a sale of substantially all of the Debtor's assets (the "**Assets**") as set forth in a that certain *Asset Purchase Agreement* (the "**Stalking-Horse APA**") by and between the Debtor and Uptown ER LLC ("**Uptown ER**") [Docket No. 94], subject to higher or better offers (a true and correct copy of which is attached to the Bid Procedures Motion as **Exhibit A**); (ii) approving the procedure for granting bid protections; (iii) scheduling objection deadlines, an auction for the

sale of the Debtor's Assets (the "**Auction**"), and a hearing (the "**Sale Hearing**") to approve an Asset sale; (iv) approving the form and manner of notices, including notices relating to the Auction and an objection deadline with respect to the Asset sale; (v) establishing procedures relating to the assumption and assignment of certain designated contracts, including notice of proposed cure amounts; and (vi) granting related relief. These Bid Procedures were approved and authorized by the Bankruptcy Court's *Order (i) Approving Bid Procedures Relating to Sale of Substantially All of the Estates' Assets; (ii) Approving Procedure for Granting Bid Protections; (iii) Scheduling Objection Deadlines, Auction, and Hearing to Approve the Sale; (iv) Approving the Form and Manner of Notices; (v) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (vi) Granting Related Relief* [Docket No. __] (the "**Bid Procedures Order**") in the Debtor's Chapter 11 Case.

### Sale Motion

The Debtor has filed its *Motion for Order Approving/Authorizing (i) Sale of Substantially All of the Estate's Assets Free and Clear of Certain Liens, Claims, Encumbrances, and Interests and (ii) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 65] (the "**363 Motion**"), requesting an order pursuant to § 363 of the Bankruptcy Code[3]: (a) authorizing a sale of the Debtor's Assets (the "**Sale**") free and clear of all liens, claims, encumbrances, and other interests, (b) authorizing the assumption and assignment of certain executory contracts, and, among other things, (c) granting related relief.

### Asset Purchase Agreement

Subject to the Bankruptcy Court's approval, and higher or better offers, the Debtor has agreed to sell the Assets to Uptown ER pursuant to the terms of the Stalking-Horse APA, subject to higher or better offers that may be received in accordance with the Bidding Process (defined below). The Stalking-Horse APA shall be considered a Qualified Bid (defined below), and Uptown ER shall be considered a Qualified Bidder (defined below). The Stalking-Horse APA was filed with the Bankruptcy Court at Docket No. 63 and is available on request by email to mpyeatt@gardere.com. The Stalking-Horse APA shall be used by any potential Bidder (defined below) wishing to bid on all or substantially all of the Debtor's Assets.

The Debtor shall file and service a notice (the "**Stalking-Horse Notice**") that includes the identity of the Stalking-Horse Purchaser. The Stalking-Horse Notice shall be served on all parties that have expressed an interest in acquiring the Debtor's Assets subject to the proposed sale, as well as all parties who have requested notice in the Debtor's Chapter 11 Case pursuant to Bankruptcy Rule 2002.

### Assets To Be Sold

The Debtor is offering for sale substantially all of the Assets, which include all of the property and assets, real, personal or mixed, tangible and intangible (including goodwill), of every kind and description, except as otherwise provided in the Stalking-Horse APA. The Assets

---

[3] "**Bankruptcy Code**" shall mean 11 U.S.C. § 101 *et seq*.

do not include any cash or cash equivalent assets belonging to the Debtor, certain claims and/or causes of action, and other matters specifically identified as "Excluded Assets" in the Stalking-Horse APA. The Debtor seeks to sell the Assets in a single sale as a going concern to a single bidder.

## The Bidding Process

The Debtor and its advisors shall (a) determine, after consultation with Regions Bank ("**Regions**"), whether any person is a Qualified Bidder (as defined below), (b) coordinate the efforts of Qualified Bidders in conducting their due-diligence investigations, (c) receive offers from Qualified Bidders and promptly submit all such offers to Regions, and (d) negotiate, after consultation with Regions, any offers made to purchase the Assets (collectively, the "**Bidding Process**"). Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder.

## "As Is, Where Is"

The Sale of the Assets shall be on an "as-is, where-is" basis and without representations or warranties of any kind, nature, or description by the Debtor, the Estate, or any other person or entity, except as otherwise provided in the Stalking-Horse APA.

## Free Of Any And All Interests

Except as otherwise provided in the 363 Motion and any exhibits thereto, all of Estate's rights, title, and interest in and to the Assets subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "**Interests**") in accordance with § 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Assets. However, notwithstanding anything contained in these Bid Procedures or the 363 Motion to the contrary, no sale under 11 U.S.C. § 363 shall occur without approval by the Bankruptcy Court.

## Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver written copies of its bid, by overnight mail, facsimile, or e-mail in a PDF format not later than **February 6, 2017, at 12:00 p.m. (CST)** (the "**Bid Deadline**") as set forth below. After consultation with Regions, the Debtor may extend the Bid Deadline once or successively, but is not obligated to extend such Bid Deadline. If the Debtor extends the Bid Deadline, it shall promptly notify all potential Bidders, including Qualified Bidders, of such extension.

## Participation and Bid Requirements

**The Debtor has selected a "stalking-horse bid" from Uptown ER. The Auction is scheduled for February 8, 2017, at 10:00 a.m. (CST), a date that allows all Qualified Bidders time to conduct sufficient due diligence and prepare their highest or best bids. Only Qualified Bidders will be allowed to participate in the Auction. Additional details regarding the Auction, including the location where the Auction will be held and the**

procedures that will apply at the Auction, appear below.

When bidding for the Assets, all such bidders, with the exception of Regions, must abide by these Bid Procedures:

    a. By participating in the Auction, all Qualified Bidders (as defined below) are deemed to acknowledge that they have had sufficient and reasonable access to the Debtor's books and records for the purposes of conducting due diligence and having the opportunity to conduct such due diligence.

    b. Each bidder (a "**Bidder**") that intends to make a Qualified Bid must submit by **February 6, 2017, at 12:00 p.m. (CST)**, an offer in the form of a mark-up of the Stalking-Horse APA, marked to show all changes, of its proposed offer as compared to the Stalking-Horse APA (the "**Bidder's APA**"). The Bidder's APA shall be delivered via overnight mail, facsimile, or e-mail in a PDF format to:

        (i)    **Counsel for the Debtor:**

            Marcus A. Helt
            Thomas C. Scannell
            Matthew J. Pyeatt
            **GARDERE WYNNE SEWELL LLP**
            2021 McKinney Avenue, Suite 1600
            Dallas, TX  75201
            Telephone: (214) 999-3000
            Facsimile: (214) 999-4667
            mhelt@gardere.com
            tscannell@gardere.com
            mpyeatt@gardere.com

        (ii)    **Counsel for Regions Bank:**

            J. Michael Sutherland
            **CARRINGTON, COLEMAN, SLOMAN, & BLUMENTHAL, L.L.P.**
            901 Main Street, Suite 5500
            Dallas, TX 75202
            Telephone: (214) 855-3000
            Facsimile: (214) 855-1333
            msutherland@ccsb.com

        and

(iii)   **Office of the United States Trustee**

Nancy S. Resnick
1100 Commerce St., Rm. 976
Dallas, Texas 75242
Telephone (214) 767-8967
Facsimile (214) 767-8971
nancy.s.resnick@usdoj.gov

c.   To be considered a Qualified Bid, each Bidder's APA shall remain open, enforceable and irrevocable in accordance with its terms until after the Debtor closes the purchase and sale of the Assets and shall:

(i)    Fully disclose the identity of the entity that will be bidding or participating in connection with such Bid, including any terms regarding or restricting such participation, and provide proof the Bidder is legally empowered, by power of attorney or otherwise, to legally bind such Bidder to an enforceable Bid;

(ii)   Identify each and every executory contract or unexpired lease, the assumption and assignment of which is a condition to closing, and provide evidence of the Bidder's ability to comply with § 365 of the Bankruptcy Code;

(iii)  Provide a mark-up of the Stalking-Horse APA, marked to show all changes, of its proposed offer as compared to the Stalking-Horse APA;

(iv)   Provide that the Assets are being purchased "as is, where is," and that such Bidder is not relying upon any representation or warranty from the Debtor, or its Estate or any person or entity, except as otherwise provided in the Stalking-Horse APA, if any;

(v)    Contain no (a) contingencies of any kind or character, (b) indemnities, (c) purchase price adjustments, or (d) qualification relating to due diligence, financing or board approval;

(vi)   Contain the Bidder's previous year's certified financial statement or such other evidence of financing, access to funds or other financial

information indicating the Bidder's ability to fully perform its Qualified Bid and close the transaction that is proposed in the Bidder's APA;

(vii) Provide an express statement that: (a) the Bidder agrees to all terms of the Bid Procedures; and (b) the Bidder has not engaged in any collusive discussion with any other Bidder or potential Bidder; and

(viii) Provide an express statement that the Bidder acknowledges that: (a) a submitted bid proposing to assume the Debtor's existing indebtedness to Regions may be subject to due diligence, underwriting, and internal consideration of the credit worthiness of the Bidder by Regions; and (b) such bid may be subject to consent and approval of Regions, which may be limited as to time and available resources.

d.    A bid that satisfies the above requirements or, if one or more of such requirements are waived by the Debtor after consultation with Regions, shall be considered a "**Qualified Bid**" (a party submitting a Qualified Bid shall be referred to as a "**Qualified Bidder**"). Notwithstanding anything to the contrary in these Bid Procedures, the Debtor shall retain the ability to communicate with any potentially interested parties, and engage such parties with the intention of submitting a bid for the Debtor's Assets, regardless of whether such party has submitted a Qualified Bid.

e.    Notwithstanding anything to the contrary herein, unless otherwise restricted by the Bankruptcy Court for cause shown, Regions shall constitute a Qualified Bidder and shall be entitled to participate and bid at the Auction regardless of whether it has furnished any of the materials set forth above.  Regions shall, unless otherwise restricted by the Bankruptcy Court for cause shown, have a right to "credit bid" any prepetition or post-petition obligations owed to it by the Debtor.  For the avoidance of doubt, Regions shall be entitled to exercise its statutory or contractual rights to credit bid in the context of (a) any bid premised on an assumption of the Debtor's obligations to Regions that is not approved by Regions, and (b) any bid premised on cash consideration that is insufficient or not otherwise designed to pay the Debtor's obligations to Regions in full at the closing of such transaction.

f.      The Debtor shall be permitted to contact and communicate with creditors of the Estate and other third parties regarding potential transactions for the sale or other disposition of property of the Assets.

### The Auction

The Auction shall be conducted at the offices of Gardere Wynne Sewell LLP, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201, on **February 8, 2017, at 10:00 a.m. (CST),** or on such other date as the Debtor and Regions agree, or as ordered by the Bankruptcy Court.

Each Qualified Bidder will be allowed to participate at the Auction if such Qualified Bidder appears in person at the Auction or through a duly authorized representative.

Each Qualified Bidder shall have the right to continue to improve its bid at the Auction. Bidding (i) will start with the announcement of the highest or best bid for all of the Assets and will proceed in monetary increments above such highest or best bid in an amount determined by the Debtor, after consultation with Regions, subject to further adjustment during the Auction as determined by the Debtor, or (ii) incorporate such other bid procedures as are determined by the Debtor, in its reasonable discretion, after consultation with Regions. After consultation with Regions, the Debtor shall be entitled to deliver the rules of the Auction to the Qualified Bidders (the "**Auction Rules**") prior to the commencement of the Auction. The Auction Rules may be orally announced at the Auction.

The bid determined by the Debtor to be the highest or best offer for the Assets at the Auction (the "**Winning Bid**"), after consultation with Regions, and in accordance with the orders approving the Debtor's post-petition financing, shall be submitted to the Bankruptcy Court at the Sale Hearing to approve the sale set for **February 15, 2017, at 9:30 a.m. (CST)** and the parties shall close on the Winning Bid on or before **February 28, 2017**, unless such dates are extended by the Debtor, in its reasonable discretion, after obtaining the written consent of Regions, or approval of the Bankruptcy Court. At the conclusion of the Auction, after consultation with Regions, the Debtor shall determine the second-highest bidder (the "**Back-Up Bidder**"), whose bid shall remain (i) subject to acceptance by the Debtor; (ii) fully enforceable until the Bankruptcy Court has approved the Winning Bid and the transaction outlined in the Winning Bid has closed. The deadline for parties to object to the 363 Motion is **February 10, 2017, at 4:00 p.m.**

Each Qualified Bidder participating in the Auction shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of these Bid Procedures, and the Sale of the Assets.

If the party with the Winning Bid fails to close, including without limitation, fails to pay all amounts due at Closing, the Back-Up Bidder shall be deemed the highest or best offer for the Assets, and the Debtor shall be authorized to immediately close the proposed transaction with such Back-Up Bidder; provided, however, nothing herein shall affect the Debtor's right to seek

all available damages from any such bidder that otherwise fails to close the purchase of any of the Assets pursuant to the Bid Procedures.

### Buyer Protections/Break-Up Fee

The Debtor has agreed to pay Uptown ER an amount not to exceed $60,000 that is approved by the Bankruptcy Court as reasonable and necessary and actually incurred for out-of-pocket costs and expenses, including attorney's fees, associated with pursuing the purchase of the Debtor's Assets (the "**Expense Reimbursement**") only if Uptown ER is not deemed the highest or best Bidder for the Assets and the Debtor consummates the proposed sale of the Assets with another buyer. The Expense Reimbursement shall be payable to Uptown ER as a superpriority administrative-expense claim under § 507(a)(2) of the Bankruptcy Code. The Expense Reimbursement shall be paid concurrently with the closing if Uptown ER is not the Winning Bidder. Other protections, such as minimum overbid amounts were also negotiated with Uptown ER. These protections were negotiated in good faith and provide a structure and format for other potentially interested parties to formulate a Qualified Bid. Notwithstanding the foregoing, if Uptown ER is the Winning Bidder (or the Back-Up Bidder where the Winning Bidder fails to close), then Uptown ER shall not be entitled to the Expense Reimbursement.

### Debtor's Rights

The Debtor may, after consultation with Regions: (a) determine which Qualified Bid is the highest, best, or otherwise superior offer; (b) modify these Bid Procedures (or add additional terms and conditions) at any time (provided, however, that such modifications or additional terms and conditions shall be procedural only and shall not expand the amount of any Expense Reimbursement); (c) before the Sale Hearing, impose additional or limit or waive existing terms and conditions on the sale or Auction of any of the Assets as it determines to be in the best interests of the Estate, its creditors, and any other party in interest; and (d) reject, at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Debtor, its Estate and creditors. Notwithstanding anything herein to the contrary, the Debtor reserves the right to request Bankruptcy Court approval of a sale that is not consented to by Regions.

**Costs and Expenses**

Each bidder (whether or not a Qualified Bidder) shall bear its own costs and expenses (including any legal or other professionals' fees and expenses) incurred in connection with its investigation and evaluation of the Assets. The costs and expenses incurred by the Debtor will be borne by the Debtor and the Estate.

No finder's fees, broker's fees, or commissions will be paid by the Debtor in connection with any transaction that may result hereby. No Bidder shall be entitled to any fee, expense reimbursement, or similar type of payment. Further, by submitting a bid, a Bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its bid or these Bid Procedures.

**Notice of Proposed Assignments and Cure Amounts**

To facilitate a potential sale that would involve the assumption and assignment of certain of the Debtor's unexpired leases and executory contracts (collectively, the "**Designated Contracts**"), the Debtor shall serve a "**Cure Amount Notice**" on the non-Debtor parties to the Designated Contracts not later than two (2) business days following entry of an order regarding the bid procedures. The following procedures for fixing any cure amounts owed on all unexpired leases and executory contracts shall apply:

    a.     The Debtor will attach its calculation of the cure cost(s) (the "**Cure Costs**") that the Debtor believes must be paid to cure all prepetition defaults under all unexpired leases and executory contracts to the Cure Amount Notice.

    b.     If a cure amount of $0.00 is listed on the Cure Amount Notice, then the Debtor believes that there is no Cure Cost. Unless the non-debtor party to an unexpired lease, license agreement or executory contract files and serves an objection (the "**Cure Amount Objection**") to its scheduled Cure Cost no later than **February 5, 2017**, upon counsel for the Debtor, Gardere Wynne Sewell LLP, c/o Marcus A. Helt, Thomas C. Scannell, and Matthew J. Pyeatt, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201, <u>such non-debtor party shall (i) be forever barred from objecting to the Cure Cost and from asserting any additional cure or other amounts with respect to such unexpired lease, license agreement, or executory contract and the Debtor shall be entitled to rely solely on the Cure Cost; and (ii) be forever barred and estopped from asserting or claiming against the Debtor, its Estate, the buyer, or any other assignee of the relevant unexpired lease, or executory contract that any additional amounts are due or defaults exist, and from asserting any other objection to the assignment and/or</u>

<u>assumption of such unexpired lease, license agreement or
executory contract</u>.

If a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (a)
the basis for the objection; and (b) the amount the party asserts as the Cure Cost. After receipt of
the Cure Amount Objection, the Debtor shall attempt to reconcile any differences in the Cure
Cost believed by the non-debtor party to exist. If the Debtor and the non-debtor party cannot
consensually resolve the Cure Amount Objection then such Cure Amount Objection shall be
adjudicated as part of the Sale Hearing or an amount sufficient to pay disputed cure amounts will
be segregated by the Debtor pending resolution of such cure disputes.

DATED: January __, 2017          Respectfully submitted by:

<span style="margin-left:4em;"><em>/s/</em> _____</span>
Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Matthew J. Pyeatt (TX 24086609)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**PROPOSED COUNSEL TO THE DEBTOR
AND DEBTOR-IN-POSSESSION**

# <u>EXHIBIT B</u>

Marcus A. Helt (TX 24052187)
Thomas C. Scannell (TX 24070559)
Matthew J. Pyeatt (TX 24086609)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**PROPOSED COUNSEL TO THE
DEBTOR AND DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| | § | |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## NOTICE OF (I) AUCTION FOR THE SALE OF
## SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND (II) SALE HEARING

**PLEASE TAKE NOTICE** that, on December 9, 2016, the Debtor[4] filed its *Emergency Motion for Order (i) Approving Bid Procedures Relating to Sale of Substantially All of the Estate's Assets; (ii) Approving Procedure for Granting Bid Protections; (iii) Scheduling Objection Deadlines, Auction, and Hearing to Approve the Sale; (iv) Approving the Form and Manner of Notices; (v) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (vi) Granting Related Relief* [Docket No 63] (the "**Bid Procedures Motion**") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**"). On January __, 2017, the Bankruptcy Court entered its *Order (i) Approving Bid Procedures Relating to Sale of Substantially All of the Estate's Assets; (ii) Approving Procedure for Granting Bid Protections; (iii) Scheduling Objection Deadlines, Auction, and Hearing to Approve the Sale; (iv) Approving the Form and Manner of Notices; (v) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; and (vi) Granting Related Relief* (the "**Bid Procedures Order**") [Docket No. ___], approving the Bid Procedures Motion.

---

[4] The debtor in this chapter 11 case (the "**Debtor**") and the last four digits of its federal tax identification number are as follows: Ascent Group, LLC (0580). The Debtor's principal place of business is located at 3607 Oak Lawn Ave., Suite 100, Dallas, Texas 75219.

Further, on December 9, 2016, the Debtor filed its *Motion for Order Approving/Authorizing (i) Sale of Substantially All of the Estate's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and (ii) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 65] (the "**363 Motion**"), setting forth the Debtor's intention to sell its assets to the Uptown ER LLC ("**Uptown ER**") pursuant to that certain *Asset Purchase Agreement* attached to the 363 Motion as **Exhibit A** (the "**Stalking-Horse APA**"), unless a higher or better offer is submitted.

**PLEASE TAKE FURTHER NOTICE** that, on **February 8, 2017, at 10:00 a.m. (CST)**, the Debtor will conduct the "**Auction**" of substantially all of the Debtor's assets at the law offices of Gardere Wynne Sewell LLP, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201. The Auction is invitation only. As set forth in the Bid Procedures Order, only those Qualifying Bidder(s) that made Qualifying Bid(s) will be permitted to attend the Auction. Unless alternative arrangements are made with the Debtor prior to the Auction, each Qualified Bidder must appear in person at the Auction or through a duly-authorized representative.

**PLEASE TAKE FURTHER NOTICE** that, each bidder that intends to submit a Qualified Bid must strictly adhere to the Bid Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, in consultation with Regions Bank (and subject to the limitation in the Bid Procedures), or approval of the Bankruptcy Court, the Debtor may: (a) waive or modify the requirements to be a Qualified Bid or Qualified Bidder; (b) modify the Bid Procedures (or add additional terms and conditions); (c) reject, at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Debtor, its Estate, and the creditors thereof.

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "**Sale Hearing**") to approve the 363 Motion will be held on **February 15, 2017, at 9:30 a.m. (CST)** at the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Earle Cabell Federal Building, 1100 Commerce St, Dallas, TX 75242.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing an objection to the Sale(s) is **February 10, 2017, at 4:00 p.m. (CST)**.

**PLEASE TAKE FURTHER NOTICE** that copies of pleadings related to the Sale are available on the Bankruptcy Court's website at https://ecf.txnb.uscourts.gov/. You can request any pleading you need from counsel for the Debtor at: Gardere Wynne Sewell LLP, c/o Matthew J. Pyeatt, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (mjpyeatt@gardere.com).

DATED: January __, 2017                    Respectfully submitted by:

                                           */s/*_____
                                           Marcus A. Helt (TX 24052187)
                                           Thomas C. Scannell (TX 24070559)
                                           Matthew J. Pyeatt (TX 24086609)
                                           **GARDERE WYNNE SEWELL LLP**
                                           2021 McKinney Avenue
                                           Suite 1600
                                           Dallas, TX 75201
                                           Telephone: (214) 999-3000
                                           Facsimile:  (214) 999-4667
                                           mhelt@gardere.com
                                           mmoore@gardere.com
                                           tscannell@gardere.com

                                           **PROPOSED COUNSEL TO THE DEBTOR
                                           AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that, on January ___, 2017 a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

                                           */s/*_____