IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

**DECLARATION OF MATTHEW J. PYEATT IN SUPPORT OF BALLOT
SUMMARY FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
LIQUIDATION FOR ASCENT GROUP, LLC D/B/A PHYSICIANS ER – OAK LAWN**

1.      My name is Matthew J. Pyeatt.  I am over the age of twenty-one and competent in all respects to make this Declaration.  I am an attorney with the law firm of Gardere Wynne Sewell LLP ("**Gardere**"), which maintains offices in Dallas, Texas at 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.  I am a member in good standing of the Bar of the State of Texas, and am admitted to practice in the United States District Courts and the United States Bankruptcy Courts for all Districts of Texas.   Unless otherwise stated, I have personal knowledge of all facts set forth in this Declaration and they are true and correct to the best of my knowledge.

2.      I submit this Declaration in accordance with Rule 3018-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Bankruptcy Rules**") with respect to the solicitation of votes and the tabulation of ballots (the "**Ballots**") cast on the *Second Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER – Oak Lawn*[1] [Docket No. 209] (as may be amended, supplemented

---

[1] The solicited version of the Plan submitted to holders of claims and interests is the *First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER – Oak Lawn* [Docket No. 184].  The Second Amended Plan was filed on October 9, 2017 and contains non-material modifications to the First Amended Plan that was solicited to parties.

**DECLARATION OF MATTHEW J. PYEATT IN SUPPORT OF BALLOT SUMMARY FOR THE SECOND AMENDED JOINT
CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC  - PAGE 1**

Gardere01 - 10773730v.1

and modified, the "**Plan**"), which is jointly proposed by Ascent Group, LLC, the debtor and

debtor-in-possession (the "**Debtor**") in the above-referenced case (the "**Chapter 11 Case**") and

Highland Park Emergency Center LLC d/b/a Highland Park Emergency Room ("**HPEC**") and

Omega Emergency Physicians, PLLC ("**Omega**," and, collectively with HPEC, "**Highland**

**Park**" and, collectively with the Debtor, the "**Proponents**"). Except as otherwise noted, all facts

set forth herein are based on my personal knowledge, knowledge that I acquired from individuals

under my supervision, and my review of relevant documents. I am authorized to submit this

Declaration on behalf of Gardere, as chapter 11 counsel for the Debtor. If I were called to

testify, I could and would testify competently as to the facts set forth herein.

3.       Pursuant to the Court's *Order Granting Motion for Entry of Order (a) Approving*

*Proposed Disclosure Statement in Support of the Joint Chapter 11 Plan of Liquidation for Ascent*

*Group, LLC d/b/a Physicians ER Oak Lawn, (b) Scheduling a Hearing to Consider Confirmation*

*of the Joint Plan of Liquidation, (c) Establishing Voting and Objection Deadlines, and (d)*

*Approving Balloting, Solicitation, Notice, and Voting Procedures* [Docket No. 189] (the

"**Disclosure Statement Order**"), the Debtor was appointed to serve as the party responsible for

soliciting all solicitation materials specified in the Disclosure Statement Order to holders of

claims and interests under the Plan, receiving completed ballots, determining and tabulating

votes on the Plan, and determining whether each particular class of claims or interests under the

Plan has accepted or rejected the Plan. As chapter 11 counsel to the Debtor, Gardere assumed all

responsibilities in connection with the solicitation and tabulation of votes on the Plan.

4.       Pursuant to the Disclosure Statement Order, the Court established procedures to

solicit votes from and tabulate ballots submitted by holders entitled to vote on the Plan (the

"**Solicitation Procedures**"). Gardere adhered to the Solicitation Procedures as set forth in the

Disclosure Statement Order and outlined in the ballots distributed to parties entitled to vote on the Plan. Gardere distributed the solicitation materials to applicable holders of claims and interests in accordance with the Disclosure Statement Order, as reflected in the Certificates of Service filed on the Bankruptcy Court Docket at Docket Nos. 192 and 204. In accordance with Local Bankruptcy Rule 3018-1 and the Disclosure Statement Order, I am the individual who was responsible for receiving, reviewing, and tabulating the Ballots submitted by holders voting on the Plan.

5.      Under the Plan, only holders of claims against and equity interests in the Debtor in the following classes were permitted to cast Ballots accepting or rejecting the Plan: Class 1.A (Regions Bank); Class 2 (General Unsecured Claims); and Class 3 (Unsecured Claims of Highland Park and iCare Medical Group, LLC). While Class 4 (Subordinated Claims) was entitled to vote on the Plan, the Proponents were not aware of any claimants in such Class, and no solicitation materials were distributed with respect to Class 4. No other classes were entitled to vote on the Plan.

6.      In accordance with the Solicitation Procedures, Gardere received, reviewed, determined the validity of, and tabulated the Ballots submitted by holders entitled to vote on the Plan. Each Ballot submitted to Gardere was date-stamped, scanned, and entered into Gardere's database in accordance with the Solicitation Procedures.

7.      A summary of the final tabulation (the "**Tabulation Summary**") of votes cast by holders submitting ballots on the Plan in accordance with the Solicitation Procedures is attached hereto as **Exhibit A**. As is evidenced by the information provided in the Tabulation Summary, impaired Classes 2 and 3 under the Plan voted to accept the Plan in accordance with 11 U.S.C. § 1126(c).

8.      The final tabulation of votes cast by holders submitting ballots on the Plan in accordance with the Solicitation Procedures is attached hereto as **Exhibit B**.

9.      The following Ballots were excluded from the final tabulation prepared by Gardere:

      a.      **Class 2 Ballot of Dr. Rahim Govani (Ballot No. 4).** Dr. Govani voted to accept the Plan, in the ballot amount of $751.08. Dr. Govani's claim was scheduled by the Debtor in the unsecured of $751.08. Dr. Govani may be considered an "insider" of the Debtor pursuant to 11 U.S.C. §101(31). Pursuant to 11 U.S.C. § 1129(a)(10), whether or not an impaired class of claims has accepted a plan is determined without including any acceptance of the plan by any insider. Therefore, Dr. Govani's Class 2 Ballot has not been included in the final tabulation.

      b.      **Class 5 Ballot of Salima Thobani (Ballot No. 5).** Ms. Thobani holds a Class 5 Interest in the Debtor. Holders of Class 5 Interests were sent Ballots to provide an opportunity to opt out of certain release language contained in the Plan, but were not entitled to vote on the Plan because they are deemed to reject the Plan.

      c.      **Class 2 Ballot of Asset Management Associates, LLC (Ballot Nos. 10 and 11.** Asset Management Associates, LLC (the "**Landlord**") submitted a Class 2 Ballot (Ballot No. 11) in the amount of $29,821.30 voting to reject the Plan. The Debtor did not schedule a general unsecured claim for the Landlord. Furthermore, the Landlord did not submit a proof of claim for the amount listed in the ballot. The Landlord's Ballot No. 11 is subject to Paragraph 14(b) of the Disclosure Statement Order, and is provisionally disallowed for voting purposes. Furthermore, the Landlord submitted a separate ballot (Ballot No. 10) opting out the release language contained in Article XIV of the Plan. The Landlord is the only party that submitted a Ballot electing to opt out of the release provisions in the Plan.

10.      A copy of all Ballots received by Gardere in connection with the Plan is attached hereto as **Exhibit C**. Gardere did not receive any Ballots other than those contained in Exhibit C.

*[Signature Page Follows]*

**DECLARATION OF MATTHEW J. PYEATT IN SUPPORT OF BALLOT SUMMARY FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC - PAGE 4**

Gardere01 - 10773730v.1

Pursuant to 28 U.S.C. § 1746(2) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 9, 2017

Matthew J. Pyeatt (TX 24086609)

DECLARATION OF MATTHEW J. PYEATT IN SUPPORT OF BALLOT SUMMARY FOR THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC - PAGE 5

Gardere01 - 10773730v.1

# Exhibit A

# Tabulation Summary

| Class | Description | Total # | Total Amount | Total - (Y)/(N) | | Total Amount (Y)(N) | | Class Vote | Percentage | | Percentage | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | (YES) | (NO) | (YES) | (NO) | | Number Accept | Amount Accept | Number Reject | Amount Reject |
| 1A | Regions | 0 | $ - | 0 | 0 | $ - | $ - | 0 | 0.00% | 0.00% | 0.00% | 0.00% |
| 1B | Secured Tax | | | | | | | | | | | |
| 1C | Other Secured | | | | | | | | | | | |
| 2 | General Unsecured | 4 | $ 9,059.58 | 4 | 0 | $ 9,059.58 | $ - | YES | 100.00% | 100.00% | 0.00% | 0.00% |
| 3 | HPEC & iCare | 3 | $ 21,421,432.20 | 3 | 0 | $ 21,421,432.20 | $ - | YES | 100.00% | 100.00% | 0.00% | 0.00% |
| 4 | Subordinated | | | | | | | | | | | |
| 5 | Interests | | | | | | | | | | | |

| | Class 2 | Class 3 |
|---|---|---|
| Total Number | 4 | 3 |
| Total Amount | $ 9,059.58 | $ 21,421,432.20 |
| Total Yes | 4 | 3 |
| Total No | 0 | 0 |
| Amount Yes | $ 9,059.58 | $ 21,421,432.20 |
| Amount No | $ - | $ - |
| Number Yes % | 100 | 100 |
| Amount Yes % | 100 | 100 |
| Number Reject % | 0 | 0 |
| Amount Reject % | 0 | 0 |

# Exhibit B

# Ballot Tabulation

| Tab | Name | Class | Claim* | | | | | Vote Amount | Vote | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Ballot Amount | Claim Amount | Scheduled Amount | ct ord | Sec 502(c) | | | |
| 1 | TXU Energy Retail Company LLC | 2 | $ 2,639.34 | $ 2,639.34 | $ 2,677.85 | | | $2,639.34 | Accept | Para. 14(c) |
| 2 | Allied Pharmacy Services | 2 | $ 1,829.74 | - | $ 714.64 | | | $714.64 | Accept | Para. 14(a) |
| 3 | Decode Digital Marketing, LLC | 2 | $ 11,411.20 | - | $ 5,705.60 | | | $5,705.60 | Accept | Para 14(a) |
| 4 | Rahim Govani | 2 | $ 751.00 | - | $ 751.08 | | | $0.00 | Accept | Possible 1129(a)(10) |
| 5 | Salima Thobani | 5 | - | - | - | | | - | - | |
| 6 | C&C Clinical Laboratory | 2 | $ 909.00 | $ 909.00 | $ 1,159.00 | | | $909.00 | Accept | Para. 14(c) |
| 7 | Omega Emergency Physicians, PLLC | 3 | $ 10,000,000.00 | $ 10,000,000.00 | $ - | | | $10,000,000.00 | Accept | Para. 14(d) |
| 8 | Highland Park Emergency Center, LLC d/b/a Highland Park ER | 3 | $ 10,000,000.00 | $ 10,000,000.00 | $ - | | | $10,000,000.00 | Accept | Para. 14(d) |
| 9 | iCare Medical Group, LLC | 3 | $ 1,421,432.20 | - | $ 1,421,432.20 | | | $1,421,432.20 | Accept | Para. 14(a) |
| 10 | Asset Management Associates, LLC | - | - | - | - | - | - | - | - | Opt-Out Ballot |
| 11 | Asset Management Associates, LLC | 2 | $ 29,821.30 | - | $ - | | | $0.00 | Reject | Provisionally disallowed - Para. 14(b) |

*None of the information contained herein is a representation or admission regarding the validity, allowance, or amount of any claim or ballot amount identified herein.

# Exhibit C

# Ballots

RECEIVED

### INSTRUCTIONS FOR COMPLETING THE BALLOT
### FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan.
**PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

4. To properly complete the Ballot, you must follow the procedures described below:

   a. if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   b. if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

   c. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

   d. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.   provide your name and mailing address on your Ballot;

g.   sign and date your Ballot and provide the remaining information requested; and

h.   return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

Amount of Class 2 Claim:

$ 2,639.34

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

**Check <u>one</u> box:**  ☑ to **Accept** the Plan.

OR

☐ to **Reject** the Plan.

**Item 3. Important Information regarding Releases.**

Section 14.2 of the Plan contains the following Release provisions:

<u>**14.2.**    **Satisfaction of Claims**</u>

(a)    The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

<u>**14.5**    **Release by a Holder of a Claim**</u>

(a)    <u>As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or asseriable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.</u>

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| | |
|---|---|
| Print or Type Name of Claimant: | TXu Energy Retail Company LLC |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | 36-4833255 |
| Signature: | Karen Aschenbrenner |
| Name of Signatory (if different than Claimant): | Karen Aschenbrenner |
| If by Authorized Agent, Title of Agent: | Manager |
| Street Address: | Po Box 650393 |
| City, State, and Zip Code: | Dallas TX 75265-0393 |
| Telephone Number: | 972-868-8112 |
| E-mail Address: | Karen.aschenbrenner@txu.com |
| Date Completed: | 8/31/2017 |

---

**BALLOT**

Gardere01 - 10269207v.3

RECEIVED

SEP 0 7 REC'D

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

<div align="center">

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

</div>

4. To properly complete the Ballot, you must follow the procedures described below:

   a. if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   b. if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

   c. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

   d. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.    if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.    provide your name and mailing address on your Ballot;

g.    sign and date your Ballot and provide the remaining information requested; and

h.    return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

> Amount of Class 2 Claim:
>
> $ _1829.74_

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| | |
|---|---|
| Print or Type Name of Claimant: | *Allied Pharmacy Services Inc* |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | *75-2693189* |
| Signature: | *[signature]* |
| Name of Signatory (if different than Claimant): | |
| If by Authorized Agent, Title of Agent: | |
| Street Address: | *8a Stadium Dr #111* |
| City, State, and Zip Code: | *Arlington, Tx 76011* |
| Telephone Number: | *817 226-5050* |
| E-mail Address: | *Alliedrx@sbcglobal.net* |
| Date Completed: | *9/5/17* |

**BALLOT**

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

**Check one box:**  ☑ to **Accept** the Plan.

OR

☐ to **Reject** the Plan.

RECEIVED
SEP ... REC'D

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

**14.2.   Satisfaction of Claims**

(a)   The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan.  The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

**14.5    Release by a Holder of a Claim**

(a)   As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[8]**

**PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| Debtor. | § | |

*RECEIVED*
*SEP 2 2 REC'D*

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### CLASS 2 GENERAL UNSECURED CLAIMS

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court.  This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**").   The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  A copy of the Disclosure Statement has been provided to you along with this Ballot.  If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com.  Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[8] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| | § | |
| **Debtor.** | § | |

## CLASS 2 GENERAL UNSECURED CLAIMS
## BALLOT FOR ACCEPTING OR REJECTING
## <u>CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC</u>

### [See next page]

### IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 2 – General Unsecured Claim under the Plan.

General Unsecured Claims against the Debtor have been placed in Class 2 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

### BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

---

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

---

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

    **Gardere Wynne Sewell LLP**
    **2021 McKinney Ave., Suite 1600**
    **Dallas, Texas 75201**
    **Attn: Matthew J. Pyeatt**

    **Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

4.  To properly complete the Ballot, you must follow the procedures described below:

    a.  if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    b.  if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

    c.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.  if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.    if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.    provide your name and mailing address on your Ballot;

g.    sign and date your Ballot and provide the remaining information requested; and

h.    return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

Amount of Class 2 Claim:

$ 11,411.20

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| | |
|---|---|
| Print or Type Name of Claimant: | Decode Digital Marketing, LLC |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | 2567 |
| Signature: | Kathleen Perley |
| Name of Signatory (if different than Claimant): | Kathleen Perley |
| If by Authorized Agent, Title of Agent: | CEO & Cofounder |
| Street Address: | 3815 Montrose Blvd, Suite 210 |
| City, State, and Zip Code: | Houston, TX 77006 |
| Telephone Number: | 713-907-3551 |
| E-mail Address: | Kathleen@decodedigital.co |
| Date Completed: | 9/11/17 |

**BALLOT**

Gardere01 - 10269207v.3

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

Check <u>one</u> box:                          ☒ to **Accept** the Plan.

OR

☐ to **Reject** the Plan.

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

**14.2.    Satisfaction of Claims**

(a)     The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

**14.5    Release by a Holder of a Claim**

(a)     <u>As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.</u>

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**BALLOT**

Gardere01 - 10269207v.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

RECEIVED

SEP 2 5 REC'D

## CLASS 2 GENERAL UNSECURED CLAIMS
## BALLOT FOR ACCEPTING OR REJECTING
## CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### [See next page]

Gardere01 - 10269207v.3

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[8]**

PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### CLASS 2 GENERAL UNSECURED CLAIMS

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[8] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

### IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 2 – General Unsecured Claim under the Plan.

General Unsecured Claims against the Debtor have been placed in Class 2 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

<u>BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").</u>

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

---

### How to Vote (as More Fully Set Forth in the Attached Voting Instructions):

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

---

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.
    **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

    **Gardere Wynne Sewell LLP**
    **2021 McKinney Ave., Suite 1600**
    **Dallas, Texas 75201**
    **Attn: Matthew J. Pyeatt**

    **Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

4.  To properly complete the Ballot, you must follow the procedures described below:

    a.  if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    b.  if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

    c.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.  if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.    if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.    provide your name and mailing address on your Ballot;

g.    sign and date your Ballot and provide the remaining information requested; and

h.    return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

| Amount of Class 2 Claim: |
|:---:|
| $ 751 |

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

**Check <u>one</u> box:**          ☑ to **Accept** the Plan.

                                    OR

                                    ☐ to **Reject** the Plan.

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

### 14.2.    Satisfaction of Claims

(a)      The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

### 14.5    Release by a Holder of a Claim

(a)      As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

---

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: _Rahim Govani_

Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: _6965_

Signature: _Rahim G_____

Name of Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _6945 Alta Vista Dr._

City, State, and Zip Code: _Rancho Palos Verdes, CA 90275_

Telephone Number: _310-941-1113_

E-mail Address: _RSGOVANI@GMAIL.COm_

Date Completed: _9/28/17_

---

**BALLOT**

Gardere01 - 10269207v.3

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**BALLOT**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ASCENT GROUP, LLC** | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| **Debtor.** | § | |



## CLASS 5 – INTERESTS IN THE DEBTOR
## <u>BALLOT FOR CONSENTING TO OR OPTING OUT OF THIRD-PARTY RELEASES</u>

### <u>[See next page]</u>

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[11]**

**PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

### CLASS 5 – INTERESTS IN THE DEBTOR
### BALLOT FOR CONSENTING TO OR OPTING OUT OF THIRD-PARTY RELEASES

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. You are deemed to reject the Plan, and are not entitled to vote on the Plan on account of your Class 5 Equity Interest. This Ballot has been provided to you for your use in consenting to or opting out of certain Releases in the Plan, described below.

On August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in completing this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[11] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

<div style="border:1px solid">

<div align="center">

**IMPORTANT**

</div>

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Administrative Claim under the Plan.

If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

<div align="center">

**BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").**

</div>

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contains release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

</div>

INSTRUCTIONS FOR COMPLETING THE BALLOT
FOR HOLDERS OF CLASS 5 – INTERESTS IN THE DEBTOR

10. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

11. **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

12. To properly complete the Ballot, you must follow the procedures described below:

    a. if you choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 2.

    b. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    c. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

    d. if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

    e. provide your name and mailing address on your Ballot;

    f. sign and date your Ballot and provide the remaining information requested; and

    g. return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE

BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class 5 Interest in the Debtor.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Claim in the aggregate amount provided below.

> Amount of Class 5 Interest:
>
> $_____

## Item 2.  Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

### 14.2. Satisfaction of Claims

(a) The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

### 14.5 Release by a Holder of a Claim

(a) As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 5 Interest set forth in Item 1 elects to:

☐  **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 5 Interest**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 5 Interests held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: _Salima Thobani_

Last Four (4) Digits of Social Security
or Federal Tax I.D. No. of Claimant: _4716_

Signature: _Salema Thobani_

Name of Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _6945 Alta Vista Dr._

City, State, and Zip Code: _Rancho Palos Verdes, CA 90275_

Telephone Number: _310-941-1113_

E-mail Address: _RSGOVANI@GMAIL.COM_

Date Completed: _9/28/17_

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

4. To properly complete the Ballot, you must follow the procedures described below:

   a. if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   b. if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

   c. if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

   d. if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.   provide your name and mailing address on your Ballot;

g.   sign and date your Ballot and provide the remaining information requested; and

h.   return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

| Amount of Class 2 Claim: |
|---|
| $ ~~10269000~~ 909.00 |

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

**Check one box:** ☒ to **Accept** the Plan.

OR

☐ to **Reject** the Plan.

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

**14.2. Satisfaction of Claims**

(a)    The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

**14.5    Release by a Holder of a Claim**

(a)    As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims**. The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: _C + C Clinical Laboratory Consulting, LLC_

Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: _8801_

Signature: _Cathy Brown_

Name of Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _owner_

Street Address: _1810 Eastfork Ln_

City, State, and Zip Code: _Wylie TX 75098_

Telephone Number: _9729899964_

E-mail Address: _cathy@cclabconsult.com_

Date Completed: _9·25-17_

---

**BALLOT**

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

---

**BALLOT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE
## BALLOT FOR ACCEPTING OR REJECTING
## CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### [See next page]

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[9]

PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[9] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

<div style="border: 1px solid black;">

### IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 3 – Unsecured Claims of Highland Park and iCare under the Plan.

The unsecured claims of Highland Park and iCare against the Debtor have been placed in Class 3 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

### BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

<div align="center">

Gardere Wynne Sewell LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
Attn: Matthew J. Pyeatt

</div>

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

</div>

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 3 –UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE**

1.     This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.     The Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Plan. In the event that Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.     **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

<div align="center">

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

</div>

4.     To properly complete the Ballot, you must follow the procedures described below:

    a.     if you hold a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in <u>Item 2</u>;

    b.     if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in <u>Item 3</u>;

    c.     if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.     if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.  if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.  provide your name and mailing address on your Ballot;

g.  sign and date your Ballot and provide the remaining information requested; and

h.  return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 3 Unsecured Claim.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 3 Claim in the aggregate amount provided below.

Amount of Class 3 Claim:

$ _10,000,000.00_

**Item 2. Vote on the Plan.** The undersigned holder of a Class 3 Claim in the amount identified in Item 1 above hereby votes to:

**Check _one_ box:**          ☑ to **Accept** the Plan.

                                     OR

                             ☐ to **Reject** the Plan.

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

### 14.2. Satisfaction of Claims

(a)      The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

### 14.5 Release by a Holder of a Claim

(a)      As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 3 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 14.2 and 14.5 of the Plan**

**Item 4. Certification as to Class 3 Unsecured Claims** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: *Omega Emergency Physicians, PLLC*

Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: 

Signature: 

Name of Signatory (if different than Claimant): *Aaron M. Kaufman*

If by Authorized Agent, Title of Agent: *Attorney of Record*

Street Address: *1777 Main Street, Suite 4200*

City, State, and Zip Code: *Dallas, TX 75201*

Telephone Number: *214 698 7821*

E-mail Address: *akaufman@dykema.com*

Date Completed: *10/3/2017*

**BALLOT**

Gardere01 - 10269207v.3

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE
## BALLOT FOR ACCEPTING OR REJECTING
## <u>CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC</u>

### **[See next page]**

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[9]

PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[9] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

### IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 3 – Unsecured Claims of Highland Park and iCare under the Plan.

The unsecured claims of Highland Park and iCare against the Debtor have been placed in Class 3 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

<div align="center">

Gardere Wynne Sewell LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
Attn: Matthew J. Pyeatt

</div>

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

**INSTRUCTIONS FOR COMPLETING THE BALLOT
FOR HOLDERS OF CLAIMS IN CLASS 3 – UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Plan. In the event that Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.    **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.** Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
Attn: Matthew J. Pyeatt**

</div>

<div align="center">

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

</div>

4.    To properly complete the Ballot, you must follow the procedures described below:

    a.    if you hold a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    b.    if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

    c.    if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.    if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.     if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.     provide your name and mailing address on your Ballot;

g.     sign and date your Ballot and provide the remaining information requested; and

h.     return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 3 Unsecured Claim.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 3 Claim in the aggregate amount provided below.

Amount of Class 3 Claim:

$ 10,000,000.00

**Item 2. Vote on the Plan.** The undersigned holder of a Class 3 Claim in the amount identified in Item 1 above hereby votes to:

Check **one** box:                      ☒ to **Accept** the Plan.

                                        OR

                                        ☐ to **Reject** the Plan.

## Item 3.  Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

**14.2.    Satisfaction of Claims**

        (a)     The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full.  Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan.  The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

**14.5    Release by a Holder of a Claim**

        (a)     As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

---

**BALLOT**

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 3 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 14.2 and 14.5 of the Plan**

**Item 4. Certification as to Class 3 Unsecured Claims** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| | |
|---|---|
| Print or Type Name of Claimant: | Highland Park Emergency Center, LLC d/b/a Highland Park ER |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | |
| Signature: | |
| Name of Signatory (if different than Claimant): | Aaron Kaufman |
| If by Authorized Agent, Title of Agent: | Attorney of record |
| Street Address: | 1717 Main St., Suite 4200 |
| City, State, and Zip Code: | Dallas, TX 75201 |
| Telephone Number: | 214 698 7821 |
| E-mail Address: | akaufman@dykema.com |
| Date Completed: | 10/3/2017 |

**BALLOT**

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ASCENT GROUP, LLC | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

**RECEIVED**
**OCT 0 3 REC'D**

**CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE
BALLOT FOR ACCEPTING OR REJECTING
CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC**

**[See next page]**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[9]**

PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC

### CLASS 3 UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[9] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

<u>IMPORTANT</u>

**You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 3 – Unsecured Claims of Highland Park and iCare under the Plan.**

**The unsecured claims of Highland Park and iCare against the Debtor have been placed in Class 3 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.**

<u>BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").</u>

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually</u> <u>received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:**

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

**If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.**

**Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.**

**Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).**

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 3 – UNSECURED CLAIMS OF HIGHLAND PARK AND ICARE**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.
    **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Plan. In the event that Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan (a) does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and all other Classes of Claims or Interests rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtor (including those holders who abstain from voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.  **Complete, sign, and return this Ballot to the Debtor's counsel so that it is <u>actually received</u> by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.**  Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

    **Gardere Wynne Sewell LLP**
    **2021 McKinney Ave., Suite 1600**
    **Dallas, Texas 75201**
    **Attn: Matthew J. Pyeatt**

    **Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

4.  To properly complete the Ballot, you must follow the procedures described below:

    a.  if you hold a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in <u>Item 2</u>;

    b.  if you vote to reject the Plan and choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in <u>Item 3</u>;

    c.  if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.  if you also hold other Claims, you may receive more than one Ballot, labeled for a different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e. if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f. provide your name and mailing address on your Ballot;

g. sign and date your Ballot and provide the remaining information requested; and

h. return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 3 Unsecured Claim.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 3 Claim in the aggregate amount provided below.

| Amount of Class 3 Claim: |
| --- |
| $ 1,421,432.20 |

**Item 2.  Vote on the Plan.**  The undersigned holder of a Class 3 Claim in the amount identified in Item 1 above hereby votes to:

**Check <u>one</u> box:**                                    ☒ to **Accept** the Plan.

                                                        OR

                                                        ☐ to **Reject** the Plan.

## Item 3.  Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

**14.2.    Satisfaction of Claims**

(a)    The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full.  Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan.  The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

**14.5    Release by a Holder of a Claim**

(a)    <u>As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.</u>

---

**BALLOT**

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 3 Claim set forth in Item 1 elects to:

☐ **Opt Out of the Release in Sections 14.2 and 14.5 of the Plan**

**Item 4. Certification as to Class 3 Unsecured Claims** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 3 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| | |
|---|---|
| Print or Type Name of Claimant: | ICARE Medical Group |
| Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: | 465652853 |
| Signature: | |
| Name of Signatory (if different than Claimant): | Cde Peck |
| If by Authorized Agent, Title of Agent: | |
| Street Address: | 1001 cR Canty 759 |
| City, State, and Zip Code: | Jonesboro, AR-7241 |
| Telephone Number: | 870-268-1377 |
| E-mail Address: | |
| Date Completed: | 9-25-17 |

---

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**BALLOT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ASCENT GROUP, LLC** | § | Case No.: 16-34436 |
| d/b/a Physicians ER Oak Lawn | § | |
| | § | |
| Debtor. | § | |

RECEIVED

OCT 03 REC'D

## BALLOT FOR CONSENTING TO OR OPTING OUT OF THIRD-PARTY RELEASES

**[See next page]**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[12]**

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

</div>

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

**BALLOT FOR CONSENTING TO OR OPTING OUT OF THIRD-PARTY RELEASES**

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in consenting to or opting out of certain releases in the Plan, described below.

On August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in completing this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[12] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.



## IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim, if any, under the Plan.

If you hold claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

### BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually</u> <u>received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s), if any, has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

## INSTRUCTIONS FOR COMPLETING THE BALLOT

13.     PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.

14.     Complete, sign, and return this Ballot to the Debtor's counsel so that it is **actually received** by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m. (prevailing Central Time), the Balloting Deadline, unless such time is extended in writing by the Debtor.  Ballots must be delivered either by first class mail with the enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and Tabulation Agent at the following address:

<div align="center">

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

</div>

**Ballots will <u>not</u> be accepted by telecopy, facsimile, e-mail, or other electronic means of transmission.**

15.     To properly complete the Ballot, you must follow the procedures described below:

a.      if you choose to opt out of the releases contained in Sections 14.2 and 14.5 of the Plan, check the box in <u>Item 2</u>.

b.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

c.      if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

d.      provide your name and mailing address on your Ballot;

e.      sign and date your Ballot and provide the remaining information requested; and

f.      return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

## Item 1. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

### 14.2. Satisfaction of Claims

(a) The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

### 14.5 Release by a Holder of a Claim

(a) As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Administrative Claim set forth in Item 1 elects to:

☑ **Opt Out of the Release in Sections 14.2 and 14.5 of the Plan**

## Item 2. Acknowledgements and Certification.
By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set

forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; and (iii) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: *Asset Management Associates, LLC*

Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: *3951*

Signature: *[signature]*

Name of Signatory (if different than Claimant): *William Richmond*

If by Authorized Agent, Title of Agent: *Claimant's attorney*

Street Address: *1201 N. Riverfront Bld, Ste 150*

City, State, and Zip Code: *Dallas, TX 75207*

Telephone Number: *214 559 2700*

E-mail Address: *brichmond@pcrfirm.com*

Date Completed: *Oct. 3, 2017*

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**BALLOT - Page 106**

Gardere01 - 10269207v.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

RECEIVED

OCT 0 3 REC'D

**CLASS 2 GENERAL UNSECURED CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING**
**CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC**

**[See next page]**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement and other materials accompanying this Ballot.[8]**

PLEASE NOTE THAT, EVEN IF YOU INTEND TO VOTE TO REJECT THE PLAN, YOU MUST STILL READ, COMPLETE, AND EXECUTE THIS ENTIRE BALLOT.

<div align="center">

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

</div>

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ASCENT GROUP, LLC** | § | **Case No.: 16-34436** |
| **d/b/a Physicians ER Oak Lawn** | § | |
| | § | |
| **Debtor.** | § | |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**CHAPTER 11 PLAN OF LIQUIDATION FOR ASCENT GROUP, LLC**

**CLASS 2 GENERAL UNSECURED CLAIMS**

</div>

Ascent Group, LLC d/b/a Physicians ER Oak Lawn (the "**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), has filed its *First Amended Joint Chapter 11 Plan of Liquidation* for *Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Plan**") with the Bankruptcy Court. This Ballot has been provided to you for your use in voting on the Plan.

In relation to your vote, on August 28, 2017, the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement in Support of the First Amended Joint Chapter 11 Plan of Liquidation for Ascent Group, LLC d/b/a Physicians ER Oak Lawn* (the "**Disclosure Statement**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. A copy of the Disclosure Statement has been provided to you along with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor: Gardere Wynne Sewell LLP, Attn: Matthew J. Pyeatt, 2021 McKinney Ave., Suite 1600, Dallas, Texas 75201, mpyeatt@gardere.com. Please note that the Bankruptcy Court's approval of the Disclosure Statement does not constitute the Bankruptcy Court's approval or disapproval of the Plan.

---

[8] All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to them in the Plan, attached as **Exhibit A** to the Disclosure Statement.

<div style="border: 1px solid black;">

### IMPORTANT

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Class 2 – General Unsecured Claim under the Plan.

General Unsecured Claims against the Debtor have been placed in Class 2 under the Plan. If you hold Claims in more than one Class under the Plan, you may receive a Ballot for each such other Class and must complete a separate Ballot for each such Class.

### BALLOTING DEADLINE: OCTOBER 3, 2017, AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "BALLOTING DEADLINE").

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually</u> <u>received</u> by Debtor's counsel no later than the Balloting Deadline, unless such time is extended in writing by the Debtor. Please mail or deliver your Ballot to:

**Gardere Wynne Sewell LLP**
**2021 McKinney Ave., Suite 1600**
**Dallas, Texas 75201**
**Attn: Matthew J. Pyeatt**

BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, E-MAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.

If your Ballot is not received by Debtor's counsel on or before the Balloting Deadline and such Balloting Deadline is not extended as noted above, your vote will not be counted.

Sections 14.2 and 14.5 of the Plan contain release provisions, including third-party releases (the "Releases"). If the Plan is confirmed by the Bankruptcy Court, the Plan, including these provisions will (with limited exception) be binding on all holders of a Claim against or Interest in the Debtor, regardless of whether the Claim or Interest of such holder is Impaired under the Plan and whether such holder has accepted the Plan, unless the holder of such Claim or Interest opts out of the Releases in accordance with the instructions on this Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtor reserves all rights to dispute such Claim(s).

</div>

**HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND ITEM 5 AND COMPLETE ITEM 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, BY HAND DELIVERY OR BY OVERNIGHT COURIER SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AND TABULATION AGENT BEFORE THE BALLOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT RECEIVED THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY EXECUTED BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED

**INSTRUCTIONS FOR COMPLETING THE BALLOT**
**FOR HOLDERS OF CLAIMS IN CLASS 2 – GENERAL UNSECURED CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan.
        **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE
        COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in
        amount and more than one-half in number of Claims in Class 2 that actually vote on the
        Plan. In the event that Class 2 rejects the Plan, the Bankruptcy Court may nevertheless
        confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that
        the Plan (a) does not unfairly discriminate against and accords fair and equitable
        treatment to the holders of Claims in Class 2 and all other Classes of Claims or Interests
        rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the
        Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of
        Claims against and Interests in the Debtor (including those holders who abstain from
        voting or reject the Plan, and those holders who are not entitled to vote on the Plan) will
        be bound by the confirmed Plan and the transactions contemplated thereby.

3.      **Complete, sign, and return this Ballot to the Debtor's counsel so that it is actually
        received by the Debtor's counsel by no later than October 3, 2017, at 5:00 p.m.
        (prevailing Central Time), the Balloting Deadline, unless such time is extended in
        writing by the Debtor.**  Ballots must be delivered either by first class mail with the
        enclosed envelope, by overnight courier, or by hand delivery to the Solicitation and
        Tabulation Agent at the following address:

                            **Gardere Wynne Sewell LLP**
                            **2021 McKinney Ave., Suite 1600**
                            **Dallas, Texas 75201**
                            **Attn: Matthew J. Pyeatt**

**Ballots will not be accepted by telecopy, facsimile, e-mail, or other electronic means of
transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

        a.      if you hold a Claim in Class 2, cast one vote to accept or reject the Plan by
                checking the appropriate box in Item 2;

        b.      if you vote to reject the Plan and choose to opt out of the releases contained in
                Sections 14.2 and 14.5 of the Plan, check the box in Item 3;

        c.      if you are completing this Ballot on behalf of another person or entity, indicate
                your relationship with such person or entity and the capacity in which you are
                signing and submit satisfactory evidence of your authority to so act (*e.g.*, a power
                of attorney or a certified copy of board resolutions authorizing you to so act);

        d.      if you also hold other Claims, you may receive more than one Ballot, labeled for a
                different Class of Claims and you should separately complete and submit a Ballot

for each Class of Claims in which you hold Claims. Your vote will be counted in determining acceptance or rejection of the Plan by each particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on such Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Debtor's counsel immediately;

f.   provide your name and mailing address on your Ballot;

g.   sign and date your Ballot and provide the remaining information requested; and

h.   return your Ballot using the enclosed pre-addressed return envelope, by hand delivery, or by overnight courier.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTOR'S COUNSEL: GARDERE WYNNE SEWELL LLP, ATTN: MATTHEW J. PYEATT, 2021 MCKINNEY AVE., SUITE 1600, DALLAS, TEXAS 75201, MPYEATT@GARDERE.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Class 2 General Unsecured Claims.** The undersigned hereby certifies that, as of the Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Class 2 Claim in the aggregate amount provided below.

| Amount of Class 2 Claim: |
| --- |
| $ 29,821.30 |

**Item 2. Vote on the Plan.** The undersigned holder of a Class 2 Claim in the amount identified in Item 1 above hereby votes to:

**Check one box:**

☐ to **Accept** the Plan.

OR

☑ to **Reject** the Plan.

## Item 3. Important Information regarding Releases.

Section 14.2 of the Plan contains the following Release provisions:

### 14.2. Satisfaction of Claims

(a) The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor and its Estate, Assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against Debtor and its Affiliates, successor or assign, or its Estate, Assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or Causes of Action based on any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date. For the avoidance of doubt, the foregoing provision, shall not affect in any way the Debtor's and/or Estate's Claims and Causes of Action against the Endeavor Entities, which are expressly preserved by the Plan. The foregoing provision shall not preclude the parties to the State Court Lawsuit from: (i) asserting, joining, raising, or not asserting, joining, or raising any claims and/or causes of action (whether presently known or unknown) related to or arising from any facts or issues arising from or related to the State Court Lawsuit, (ii) joining or not joining additional parties to that action, and/or (iii) prosecuting or defending the State Court Lawsuit.

Section 14.5 of the Plan contains the following Release provisions:

### 14.5 Release by a Holder of a Claim

(a) As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, the Confirmation Order, and the Plan Documents, for good and valuable consideration, including the contributions of money and service of the Released Parties to the Debtor's Case, the adequacy of which is hereby confirmed, and except as otherwise expressly provided in the Plan or the Confirmation Order, as an integral component of this Plan, the Released Parties are deemed forever released and discharged by the Releasing Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or related to, or in any manner arising from, in whole or in part, the Debtor, the Case, the subject matter of or the transactions or events giving rise or related to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between the Debtor and any Released Party or between a Released Party and any Releasing Party, the Chapter 11 Case, the Disclosure Statement, this Plan, the Plan Documents, and the negotiation, formulation, or preparation thereof or the terms therein, the solicitation of votes with respect to this Plan, the implementation of this Plan, or any act or omission, other than Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act, willful misconduct, or gross negligence.

---

**BALLOT**

AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTIONS 14.2 AND 14.5 OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU CHECK THE BOX BELOW TO OPT OUT OF THIS RELEASE.

The undersigned holder of the Class 2 Claim set forth in Item 1 elects to:

☑ **Opt Out of the Release in Sections 12.4 of the Plan**

**Item 4. Certification as to Class 2 – General Unsecured Claims.** The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 2 Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (i) it has been provided with a copy of the Disclosure Statement, including all exhibits thereto; (ii) the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order of the Bankruptcy Court approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (iii) it is the holder of the Claim identified in Item 1 above as of the Record Date; and (iv) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

Print or Type Name of Claimant: _Asset Management Associates, LLC_

Last Four (4) Digits of Social Security or Federal Tax I.D. No. of Claimant: _3951_

Signature: _[signature]_

Name of Signatory (if different than Claimant): _William Richmond_

If by Authorized Agent, Title of Agent: _Claimant's attorney_

Street Address: _1201 N. Riverfront Blvd, Suite 150_

City, State, and Zip Code: _Dallas, TX 75207_

Telephone Number: _214 559 2700_

E-mail Address: _brichmond @ pcrfirm.com_

Date Completed: _Oct. 3, 2017_

**BALLOT**

This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.